■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Appellant. [708 NYS2d 285] —Judgment, Supreme Court, Bronx County (Burton Hecht, J.), rendered on or about June 22, 1998, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Saxe, JJ.

■ RENATO D. BOTIAL, Appellant, v ACE NAVIGATION COMPANY, INC., et al., Respondents. [707 NYS2d 825] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered January 7, 1999, which granted the motion of defendants Ace Navigation Co. and Carnival Corporation/Seacrest Associates (Carnival) to dismiss the complaint, unanimously affirmed, without costs.

Inasmuch as forum selection clauses in maritime actions are routinely enforced (*see, e.g., Carnival Cruise Lines v Shute*, 499 US 585, 595; *Marinechance Shipping v Sebastian*, 143 F3d 216, *cert denied* 525 US 1055), we see no obstacle to the enforcement of the Philippines forum selection clause in the contract of employment signed by plaintiff, a Philippine national. Thus, the complaint was properly dismissed.

Having affirmed dismissal of the complaint on this ground, we do not reach the issues of whether the court had jurisdiction or New York was an inconvenient forum. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Saxe, JJ.